**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 15-9-DLB**

**REBECCA SUE MOELLER**                                                                                        **PLAINTIFF**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**CAROLYN W. COLVIN,**                                                                                         **DEFENDANT**
**Commissioner of Social Security**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

Plaintiff Rebecca Sue Moeller brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. Having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, the Court will affirm the Commissioner's decision.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On December 20, 2005, Plaintiff Rebecca Sue Moeller filed her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"), alleging disability as of August 1, 2003. (Tr. 55-63). Plaintiff's claim was denied initially and on reconsideration. (Tr. 35-50). On February 19, 2009, Administrative Law Judge Timothy G. Keller conducted an administrative hearing at Plaintiff's request. (Tr. 12-22). ALJ Keller ruled that Plaintiff was not entitled to benefits on March 13, 2009. *Id.* That decision became the final decision of the Commissioner when the Appeals Council denied review on June 4, 2010. (Tr. 6-8).

1

Plaintiff then appealed to the United States District Court for the Eastern District of Kentucky, alleging that ALJ Keller's decision was not supported by substantial evidence. *See Moeller v. Soc. Sec. Admin.*, Civil Action No. 2:10-cv-152-JMH, Doc. # 1. The Court ruled in favor of the Commissioner and upheld the ALJ's decision. (Tr. 137-448). On appeal to the United States Court of Appeals for the Sixth Circuit, the judgment of the district court was vacated and the case was remanded for further proceedings. (Tr. 449-451).

During the pendency of her appeals, Plaintiff filed a new application for benefits, which was granted. As a result, Plaintiff was deemed disabled as of July 1, 2009. (Tr. 455-456). Therefore, the Appeals Council remanded and directed the ALJ to "take any further action needed to complete the administrative record and issue a new decision on the issue of disability *prior to July 1, 2009*." *Id*. In accordance with that Order, a remand hearing was held on July 22, 2013 before ALJ Anne Shaugnessy. (Tr. 833-863). On September 9, 2013, ALJ Shaugnessy issued an unfavorable decision, finding Plaintiff was not disabled from August 1, 2003 through July 1, 2009, and denied Plaintiff benefits. (Tr. 411-426). This decision became the final decision of the Commissioner when the Appeals Council denied review on December 4, 2014. (Tr. 398-402).

On January 16, 2015, Plaintiff filed the instant action. (Doc. # 1). This matter has culminated in cross-motions for summary judgment, which are now ripe for the Court's review. (Docs. # 7 and 8).

## II. DISCUSSION

### A.   *Overview of the Process*

Judicial review of the Commissioner's decision is restricted to determining whether

it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy that the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B.   *The ALJ's Determination*

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2003, the alleged onset date. (Tr. 417). At Step 2, the ALJ found Plaintiff's had the following severe impairment within the meaning of the regulations: chroinc obstructive pulmonary disease (COPD), mild degenerative disc disease of the

lumbar spine, and obesity. *Id.*

At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to, an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* In making this determination, the ALJ noted that Plaintiff's impairments do not meet or equal Listing 3.02A, 3.02B, 3.03, 1.04, or 1.04C. (Tr. 418).

At Step Four, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a) and 20 C.F.R. § 416.967(a), with the following restrictions:

> [S]he can frequently balance and stoop and she can occasionally climb, kneel, crouch, and crawl, and she must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants.

(Tr. 419). Based on this RFC, the ALJ concluded that Plaintiff was unable to perform any of her past relevant work. (Tr. 425).

Accordingly, the ALJ proceeded to the fifth and final step of the sequential evaluation, and found that there were a significant number of jobs in the national economy that Plaintiff could perform. *Id.* The ALJ based this conclusion on testimony from a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, work experience, and RFC. (Tr. 425-426). The VE testified that a hypothetical individual with Plaintiff's vocational profile and RFC "would be able to perform the requirements of the following representative occupations, each of which is at the sedentary exertional, unskilled level" – an order clerk, an assembler, and inspector. (Tr. 426). Based on the testimony of the VE and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff was not under a "disability," as defined by the Social

Security Act from August 1, 2003 to July 1, 2009. *Id.*

*C.   Analysis*

Plaintiff's counsel sets forth two arguments for the Court's consideration. First, Plaintiff claims that the "ALJ's RFC finding violates the principles of res judicata and collateral estoppel." *Id.* at 10. Second, Plaintiff argues that the "ALJ's exertional RFC findings are not supported by substantial evidence." (Doc # 7 at 8). Both of these arguments will be addressed in turn.

**1.   The ALJ's RFC does not violate the principles of res judicata or collateral estoppel.**

Res judicata "is a common-law concept which prescribes that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Drummond v. Comm. of Soc. Sec.*, 126 F.3d 837, 840 (6th Cir. 1997) (citing *Allen v. McMurry*, 449 U.S. 90, 94 (1980)). "Res judicata and the related concept of collateral estoppel (which refers to issue preclusion) are intended to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Drummond*, 126 F.3d at 840 (citing *Montana v. United States*, 440 U.S. 147, 153-54 (1979)). Specifically, res judicata "bars the relitigation of the same claim or cause of action while collateral estoppel bars the relitigation of the same issue." *Drummond*, 126 F.3d at 840.

"Social security claimants [and the Commissioner] are bound by the principles of res judicata." *Id.*; *see also Cottrell v. Sullivan*, 987 F.2d 342, 344 (6th Cir. 1992); *Carver v. Sec. of Health & Human Servs.*, 869 F.2d 289, 291 (6th Cir. 1989). Specifically, when there has

been "a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* Similarly, collateral estoppel "preclude[s] reconsideration by a subsequent ALJ of factual findings that have already been decided by a prior ALJ when there are no changed circumstances requiring review." *Brewster v. Barnhart*, 145 F. App'x 542, 546 (6th Cir. 2005).

Here, Plaintiff claims that the "Sixth Circuit made a final decision on Plaintiff's RFC and ability to work, holding that there was NOT substantial evidence that Plaintiff could sit for six hours in a day and therefore could not do sedentary work." (Doc. # 7 at 10). Thus, the Plaintiff contends, "the Sixth Circuit holding should have precluded ALJ Shaugnessy from determining that Plaintiff could do sedentary work." *Id.*

The Plaintiff's arguments are misguided, however. The Sixth Circuit did not hold that Plaintiff could not do sedentary work. Instead, the Sixth Circuit held that there was "not substantial evidence in the record to support the ALJ's finding concerning [Plaintiff's] ability to sit for six hours a day." (Tr. 450). This was because the "ALJ failed to ... set forth a reason for discounting the sitting limitation recommended by Dr. Fritzhand or identify other evidence in the record that demonstrated [Plaintiff] could sit for six hours a day," not because Plaintiff was categorically unable to perform sedentary work. (Tr. 451).

Accordingly, the Sixth Circuit's July 20, 2012 Order did not preclude ALJ Shaugnessy from determining that the Plaintiff was capable of performing sedentary work. The Sixth Circuit simply "remand[ed] the case" back to the ALJ "for further administrative proceedings consistent with th[e] opinion." (Tr. 451). As the Commissioner correctly argued, if the Sixth Circuit had held that Plaintiff was unable to perform sedentary work, and thus, disabled, "there would have been no reason to send Plaintiff's claim back for further

6

proceedings, as it would have been impossible for the ALJ to re-evaluate her residual function capacity." (Doc. # 8 at 5). Therefore, neither res judicata nor collateral estoppel preclude ALJ Shaugnessy from re-evaluating Plaintiff's claim for benefits, and the Court will consider whether the ALJ's decision is supported by substantial evidence.

> 2. **The ALJ's RFC findings are supported by substantial evidence and she did not err in weighing the medical opinion testimony.**

In Social Security disability cases, medical evidence may come from treating sources, non-treating sources, and non-examining sources. 20 C.F.R. § 404.1502. A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id.*; *see also Abney v. Astrue*, Civ. A. No. 5:07-394-KKC, 2008 WL 2074011, at *11 (E.D. Ky. May 13, 2008) (stating that one meeting is insufficient to establish an ongoing treatment relationship). A non-treating source is an acceptable medical source who has examined the claimant but does not have an ongoing treatment relationship with him or her, while a non-examining source has not examined the claimant but has provided medical or other opinion evidence in the case. *Id.*

While a treating source is usually entitled to controlling weight, a non-treating source is not. 20 C.F.R. § 404.1527(c)(2). The ALJ is guided by the 20 C.F.R. § 404.1527(d)(2) factors when determining how much weight to accord a non-treating physician's opinion. *Davenport v. Astrue*, No. 3:06-cv-402, 2008 WL 641131 at *6 (S.D. Ohio March 4, 2008). Accordingly, the ALJ must consider: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3)

supportability of the opinion; (4) consistency of the opinion with the record as a whole; and (5) the specialization of the treating source. *Id.*; 20 C.F.R. § 404.1527(d)(2).

Dr. Martin Fritzhand, a non-treating source, conducted a consultative physical examination of the Plaintiff on March 20, 2006. (Tr. 421). The Plaintiff informed Dr. Fritzhand of her physical impairments and abilities. *Id.* Dr. Fritzhand diagnosed the Plaintiff with "morbid obesity, COPD, and hypertension" and opined that the Plaintiff was "capable of performing a *mild amount of sitting*, ambulating, standing, bending, kneeling, pushing, pulling, lifting and carrying heavy objects." (Tr. 421-422) (emphasis added). Dr. Fritzhand also found that Plaintiff would "do best in a dust-free environment." (Tr. 422).

The Plaintiff alleges the ALJ erred by failing to incorporate Dr. Fritzhand's "mild" sitting limitation. (Doc. # 7 at 8-9). Specifically, Plaintiff argues that while the ALJ accorded "substantial weight to Dr. Fritzhand's assessment," he committed reversible error in finding that "Plaintiff could do sedentary work, defined as two hours of standing/walking and six hours of sitting in an eight hour day." *Id.* Furthermore, Plaintiff claims that the Sixth Circuit "essentially held that Plaintiff could not do full time, sedentary work" in its July 20, 2012 Order and "Plaintiff should have been found disabled on remand." *Id.* at 9.

The record belies Plaintiff's assertion. In rendering her RFC assessment, the ALJ explained that she was giving "substantial weight" to Dr. Fritzhand's assessment. (Tr. 422). However, the ALJ determined that Dr. Fritzhand's "conclusion that the [Plaintiff] should be limited to a 'mild amount of sitting'" should not be incorporated. Specifically, the ALJ reasoned that Dr. Fritzhand's sitting limitation was "not supported by his own clinical observations," because Dr. Fritzhand "noted that the [Plaintiff] was 'comfortable in both the sitting and supine positions.'" *Id.* Furthermore, the ALJ relied on the consultative

8

examination by Dr. Thomas Johnson, III, "although outside the period of adjudication," which "found that the [Plaintiff] still has no difficulties sitting." *Id.* Because the ALJ explained how much weight she gave to the opinion of Dr. Fritzhand, a non-treating source, and because she detailed her reasons for doing so in accordance with 20 C.F.R. § 404.1527(c), the Court finds no error in this portion of the ALJ's Step 4 analysis.

Furthermore, it does not matter if the substantial evidence does support Plaintiff's disability, so long as it also supports a finding of "not disabled." *Her*, 203 F.3d at 389-90 (holding that "[e]ven if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the decision reached") (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). As a result, it does not matter if Plaintiff, or even this Court, believes substantial evidence supports a different disability determination. All that is required of the ALJ is that she render a decision that is supported by substantial evidence. The ALJ has done so here.

Lastly, as discussed in greater detail above, the Sixth Circuit did not "essentially h[o]ld that Plaintiff could not do full time, sedentary work," as Plaintiff alleges. (Doc. # 7 at 9). The Sixth Circuit held that ALJ Keller's finding in 2009 concerning Plaintiff's ability to sit for six hours a day was not supported by substantial evidence and that the erroneous finding was not harmless. (Tr. 449-451). ALJ Keller's finding was not supported by substantial evidence because he "failed to either set forth a reason for discounting the sitting limitation recommended by Dr. Fritzhand or identify other evidence in the record that demonstrated [Plaintiff] could sit for six hours a day." (Tr. 451). Accordingly, the Sixth Circuit remanded the case for further administrative proceedings. On remand, ALJ Shaugnessy determined that Plaintiff had the residual functional capacity to do sedentary

work and that Plaintiff was not under a disability between August 1, 2003 and July 1, 2009. Those findings and conclusions are supported by substantial evidence.

### III.  CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)   The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2)   Plaintiff's Motion for Summary Judgment (Doc. # 7) is hereby **DENIED**; and

(3)   Defendant's Motion for Summary Judgment (Doc. # 8) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 8th day of July, 2016.



Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\SocialSecurity\MOOs\Covington\15-9 Moeller MOO.wpd